LAWSON, J.
The personal injury case brought below by Martha Smith, as plenary guardian of Maurice Thomas, settled for $2,225,000.00. Smith appeals the final order denying her motion to reduce the State of Florida’s Medicaid lien from $122,783.87 to $40,927.96. We affirm.
Florida’s Medicaid Third-Party Liability Act, section 409.910, Florida Statutes (2007), authorizes the State to recover from a personal injury settlement or verdict money that the State paid for the plaintiffs medical care prior to the tort recovery. The statute limits the State’s *591 recovery to half of the tort recovery, after deducting attorney’s fees and costs. According to the record before us, Medicaid could have recovered up to $707,778.00 in medical expenses using the formula in section 409.910. Because the State’s Medicaid lien in this case totaled far less than this statutory cap, section 409.910 allowed the State to fully recover from his settlement the $122,788.87 that it paid on Thomas’ behalf.
The only argument made below for reducing the State’s lien was that Arkansas Department of Health and Human Services v. Ahlborn, 547 U.S. 268, 126 S.Ct. 1752, 164 L.Ed.2d 459 (2006), mandates “a percentage reduction [in the Medicaid lien] in the same ratio as the settlement bears to actual damages.” According to Smith, the $2,225,000.00 recovery in this case represented only one third of Thomas’ total damages. Both Smith and the tortfeasor agreed below that there were significant challenges in proving liability which contributed to a settlement amount far lower than Thomas’ actual damages. Smith reasoned that because she settled Thomas’ claim for one-third of its value, Ahlbom required the trial court to also reduce the State’s Medicaid lien to one-third of the total lien amount — from $122,783.87 to $40,927.96.
Smith’s argument rests on a misreading of Ahlbom, and the trial court properly rejected it. Ahlbom simply held that under federal law a state’s Medicaid hen recovery is limited to the portion of a verdict or settlement representing amounts recovered by a plaintiff for medical expenses. The parties in Ahlbom had stipulated to a figure representing the total recovery for medical expenses in their case, and used the method now advanced in this case to calculate their stipulated figure. However, the court in Ahlbom simply accepted the stipulation, and in no way adopted the formula as a required or sanctioned method to determine the medical expense portion of an overall settlement amount.
Moreover, the formula used by the Ahl-bom parties is problematic in that it assumes the Medicaid lien amount to be the only medical expense included by the plaintiff as part of his or her overall damage claim, which is not a reasonable assumption. Stated another way, without knowing how much of a plaintiffs total damage claim is comprised of medical expenses, there is no way to calculate the medical expense portion of a settlement by simply comparing the damage claim to the ultimate settlement amount. For example, the recovery in this case ($2,225,000.00) is approximately one third of the total damages claimed by Smith for Thomas ($7,000,000.00). That information, alone, tells us nothing about the amount ultimately recovered for Thomas’ medical expenses — except that it is probably less than the amount he claimed for medical expenses. If we knew, for example, that the medical expense portion of the total damage claim was $600,000.00, we could reduce that figure by one third to approximate the settlement amount attributable to medical expenses.[1] But, knowing only the *592 total damages claimed and the ultimate settlement amount simply does not allow one to reasonably estimate the medical expense portion of a settlement.
Smith and the dissent are correct that under Ahlbom a plaintiff should be afforded an opportunity to seek the reduction of a Medicaid lien amount by demonstrating, with evidence, that the lien amount exceeds the amount recovered for medical expenses. The problem here is that instead of making that showing, Smith presented her narrow legal argument premised upon her misreading of Ahlbom and provided only the total damage figure of $7,000,000.00. Smith proffered nothing from which the trial judge could determine how much of the $7,000,000.00 in damages represented Thomas’ medical expenses, and made no other showing to support her argument that the medical expense portion of the $2,225,000.00 settlement was less than $122,783.87. Without that showing, the trial court properly applied section 409.910, Florida Statutes, and allowed the State to recover the full $122,783.87.
AFFIRMED.
GRIFFIN, J., concurs.
TORPY, J., dissents, with opinion.

. Accepting this method and the hypothetical $600,000.00 (as the medical expense portion of the $7,000,000.00 damage claim) would mean that $200,000.00 of the $2,225,000.00 settlement would be available to satisfy a Medicaid lien under Ahlbom. In this case, the State would be entitled to recover the full lien amount, $122,783.87, since the lien would be less than the medical expense portion of the settlement. Although we believe that this method (reducing the medical expense portion of the damage claim in the same ratio as the settlement bears to the total damage claim) might produce a reasonable estimation of the medical expense portion of a settlement in some cases, it may not work in *592 many cases. For example, a tortfeasor could agree, in settlement, to pay 100% of a plaintiff’s medical expense claim, but not all non-economic damages. If only the non-economic damage portion of a claim were compromised in settlement, the formula would not work at all. Rather, the full medical expense portion of the original damage claim would be available to satisfy the State’s lien, even though the claim settled for less than the damages originally alleged.