On Appellants’ Motion for Rehearing and/or Certification

SCHWARTZ, Senior Judge.
Upon consideration of the appellants’ post-opinion motion, we withdraw the opinion of June 13, 2012 and substitute the following in its place. The motion is considered as directed to the substituted opinion and is otherwise denied.
Robinson suffered a devastating gunshot injury which rendered him totally and permanently disabled. After the. Medicaid program had expended the concededly reasonable amount of $244,590.57 for his past medical expenses, he received a $1 million settlement from a tortfeasor which was stipulated to represent compensation only for past and future medical expenses and nothing for any intangible elements of damage for which Medicaid would not have been entitled to reimbursement. The issue in this case involves the extent of Medicaid’s lien on the settlement. The trial court correctly held, on undisputed facts, that the extent of the lien was the $244,590.57 already expended by the program. This decision was, again undisput-edly, in complete accordance with section 409.910(1), (ll)(f), Florida Statutes, which provides:
409.910 Responsibility for payments on behalf of Medicaid-eligible persons when other parties are liable.—
*473 (I) It is the intent of the Legislature that Medicaid be the payor of last resort for medically necessary goods and services furnished to Medicaid recipients. All other sources of payment for medical care are primary to medical assistance provided by Medicaid. If benefits of a liable third party are discovered or become available after medical assistance has been provided by Medicaid, it is the intent of the Legislature that Medicaid be repaid in full and prior to any other person, program, or entity. Medicaid is to be repaid in full from, and to the extent of, any third-party benefits, regardless of whether a recipient is made whole or other creditors paid. Principles of common law and equity as to assignment, lien, and subrogation are abrogated to the extent necessary to ensure full recovery by Medicaid from third-party resources. It is intended that if the resources of a liable third party become available at any time, the public treasury should not bear the burden of medical assistance to the extent of such resources.
[[Image here]]
(II)(f) Notwithstanding any provision in this section to the contrary, in the event of an action in tort against a third party in which the recipient or his or her legal representative is a party which results in a judgment, award, or settlement from a third party, the amount recovered shall be distributed as follows:
1.After attorney’s fees and taxable costs as defined by the Florida Rules of Civil Procedure, one-half of the remaining recovery shall be paid to the agency up to the total amount of medical assistance provided by Medicaid.
2. The remaining amount of the recovery shall be paid to the recipient.
3. For purposes of calculating the agency’s recovery of medical assistance benefits paid, the fee for services of an attorney retained by the recipient or his or her legal representative shall be calculated at 25 percent of the judgment, award, or settlement.
Relying on Arkansas Department of Health & Human Services v. Ahlborn, 547 U.S. 268, 126 S.Ct. 1752, 164 L.Ed.2d 459 (2006), appellant argues for reversal essentially upon the ground that this section is pre-empted by federal law and that a Florida trial court is obliged to “allocate” any settlement based upon a “fair evaluation” of the plaintiffs injuries, which his purported “expert” testified would be over $8 million, between past and unreimbursable future Medicaid payments and between medical expenses and intangibles. We entirely disagree.
Like every Florida authority which has considered the precise issue, we hold that section 409.910(1)(11)(f) is not federally pre-empted and is, as the lower court held, fully effective and enforceable. See R.J. v. Azia, No. 09-21043-CIV, 2010 WL 5140591 (S.D.Fla. Nov. 8, 2010), aff'd, 2010 WL 5341814 (S.D.Fla. Dec. 9, 2010); Scharba v. Everett L. Braden, Ltd., No. 8-07-cv-1294-T-33EAJ, 2010 WL 1380121 (M.D.Fla. Mar. 31, 2010); Russell v. Agency far Health Care Admin., 23 So.3d 1266 (Fla. 2d DCA 2010); Baby Angela ex rel. Elsass v. Bryson, No. 2D09-824, 2010 WL 655204 (Fla. 2d DCA Feb. 24, 2010) (per curiam affd, citing Russell); Storey ex rel. Storey v. Hickcox, 44 So.3d 600 (Fla. 1st DCA 2010) (per curiam aff'd, citing Russell); Smith v. Agency for Health Care Admin., 24 So.3d 590 (Fla. 5th DCA 2009). Moreover, as these authorities indicate, there is nothing in the Ahlborn case *474 which is contrary to this position. Ahlborn struck down an Arkansas statute to the extent that it allowed for Medicaid recovery that could impinge on an entire plaintiffs award and not merely past medical damages for which Medicaid may be reimbursed. Indeed, Ahlbom specifically recognized that even when a settlement is not allocated-as was this one-entirely to a recovery amount representing medical damages, a state was free to adopt “special rules and procedures” to fix the lien. Id. at 288 n. 18, 126 S.Ct. 1752. The Florida statute is just such a “special rule.” See Tristani ex rel. Karnes v. Richman, 652 F.3d 360 (3d Cir.2011); Andrews ex rel. Andrews v. Haygood, 362 N.C. 599, 669 S.E.2d 310 (2008), cert. denied, Brown v. N.C. Dep’t of Health & Human Servs., _ U.S. _, 129 S.Ct. 2792, 174 L.Ed.2d 291 (2009); State Dep’t of Health & Welfare v. Hudelson, 146 Idaho 439, 196 P.3d 905 (2008).
Affirmed.