CONNER, J.
In this appeal, we decide whether Florida law precludes the recipient of Medicaid benefits from seeking a judicial determination of what portion of a personal injury settlement is subject to a Medicaid lien and reimbursement to the state. Adhering to federal appellate precedent, we hold *458 that a Medicaid recipient has the right to seek a judicial determination.

Factual Background and Trial Proceedings

Appellant, Alan Roberts (“Roberts”), was hit by a side view mirror of a dry cleaning van while walking. As a result, he was rendered a quadriplegic. Medicaid paid for all of Roberts’ medical care associated with the accident, which totaled $343,452.83. Roberts brought actions against four defendants, including Albert-son’s, Inc., for compensation of his injuries. Florida Agency for Health Care Administration (“AHCA”), the Medicaid administrator for Florida, filed a lien against the third-party benefits paid in settlement by the tortfeasors.
All parties, except Albertson’s, settled for their insurance policy limits. After asserting multiple defenses, Albertson’s settled for $2,735,000. The Albertson’s settlement agreement did not contain any allocation between medical expenses, other economic losses, or non-economic losses. AHCA did not participate in the settlement agreement.
Roberts filed a Motion to Determine Equitable Medicaid Lien Amount, asking the court to determine the amount of the settlement that was comprised of medical expenses and to limit recoupment of the Medicaid lien to that amount. Roberts claimed the true value of damages was $44.8 million. His expert submitted an affidavit claiming economic damages totaling $11.8 million, past non-economic damages in the amount of $8 million, and future human damages of $25 million. AHCA filed a response opposing a hearing because section 409.910(ll)(f), Florida Statutes (2010), provides the statutory formula to determine what portion of a personal injury settlement is subject to a Medicaid lien.
The trial court agreed to bifurcate consideration of the motion by first conducting a hearing on the legal issue of whether Roberts was entitled to an evidentiary hearing. The order on appeal determined that Roberts was not entitled to an eviden-tiary hearing, citing Russell v. Agency for Health Care Administration, 23 So.3d 1266 (Fla. 2d DCA 2010). Based on the formula set forth in section 409.910(ll)(f), the trial court ordered that AHCA was entitled to a Medicaid lien for the full amount of Medicaid benefits provided to Roberts.

Appellate Analysis

“Medicaid is a cooperative federal-state welfare program providing medical assistance to needy people.” Agency for Health Care Admin. v. Estabrook, 711 So.2d 161, 163 (Fla. 4th DCA 1998) (cita tions omitted). Even though state participation in the program is voluntary, once a state elects to participate, the state must comply with federal Medicaid statutes.[1] Id.; see Wilder v. Virginia Hosp. Assn., 496 U.S. 498, 501, 110 S.Ct. 2510, 110 L.Ed.2d 455 (1990). Nonetheless, “[e]ach state has considerable discretion in designing the contours of its program within the guidelines established by 42 U.S.C. s 1396a.” Englich v. Agency for Healthcare Admin., 916 So.2d 994, 996 (Fla. 4th DCA 2005).
To better understand the issue we resolve in this appeal, a brief discussion of the history of some of the federal Medicaid statutes is needed.

The Federal Medicaid Anti-Lien and Anti-Recovery Statutes

In the early years of the Medicaid Program, Congress adopted 42 U.S.C. § 1396p(a)(l) of the Medicaid Act:
*459 Liens, adjustments and recoveries, and transfers of assets
(a) Imposition of lien against property of an individual on account of medical assistance rendered to him under a State plan
(1) No lien may be imposed against the property of any individual prior to his death on account of medical assistance paid or to be paid on his behalf under the State plan, except-
(A) pursuant to the judgment of a court on account of benefits incorrectly paid on behalf of such individual, or
(B) in the case of the real property of an individual-[who is in a nursing home and required by law to spend his own income on those expenses, and who cannot reasonably be expected to return home.]
This provision is known as the “anti-lien” provision of the Medicaid Act. Of equal importance to this appeal is 42 U.S.C. § 1896p(b)(l), known as the “anti-recovery provision:” “[n]o adjustment or recovery of any medical assistance correctly paid on behalf of an individual under the State plan may be made, except [in limited circumstances not at issue in this case].”
The anti-lien and anti-recovery provisions were intended to ensure that Medicaid recipients were not forced to directly bear the costs of their medical care during their lifetime. Tristani v. Richman, 652 F.3d 360, 370 (3d Cir.2011). Those provisions were brought forward from similar provisions of the Social Security Act adopted in 1960. Id. at 371. By enacting these provisions, Congress was concerned about protecting a Medicaid recipient’s personal assets, but not the recipient’s interest in recovering from third parties medical costs paid on his or her behalf. Id. at 372.
To keep the Medicaid program viable, Congress recognized that it is necessary to obtain reimbursement when a third party makes payment to the Medicaid beneficiary for medical care already paid for by Medicaid.

Federal Statutory Authority for Medicaid Liens

The first reimbursement provision of the Medicaid Act was enacted in 1967, several years after the adoption of the anti-lien and anti-recovery provisions. Id. It required states to “take all reasonable measures to ascertain the legal liability of third parties to pay for care and services” and “to seek reimbursement.” Id. The goal was to protect tax dollars while preventing Medicaid beneficiaries from receiving a windfall. Id. at 373. In 1977, Congress added a forced assignment provision to the Medicaid Act which required Medicaid recipients, as a requirement of eligibility, to assign to the Medicaid state agency the recipient’s rights to payment for medical care from third parties. Id. By conferring upon the states the right to forced assignment of medical care cost paid by third-parties, Congress intended to ensure that Medicaid recipients do not receive a windfall by recovering medical costs they did not pay. Id.

Florida’s Medicaid Third-Party Liability Act

The federal Medicaid program requires every participating state to implement a “third party liability” provision which requires the state to seek reimbursement for Medicaid expenditures from third parties who are liable for medical treatment provided to a Medicaid recipient. See § 42 U.S.C. 1396a(a)(25). To comply with federal mandate, Florida has enacted the Medicaid Third-Party Liability Act (“MTPLA”). See § 409.910, Fla. Stat. (2010).
MTPLA expressly states that Medicaid shall be “the payor of last resort.” *460 § 409.910(1), Fla. Stat. To assure that, the act provides:
If benefits of a liable third party are discovered or become available after medical assistance has been provided by Medicaid, it is the intent of the Legislature that Medicaid be repaid in full and prior to any other person, program, or entity. Medicaid is to be repaid in full from, and to the extent of, any third-party benefits, regardless of whether a recipient is made whole or other creditors paid.
Id. The act gives AHCA at least three mechanisms to recoup expenditures from third parties: (1) an automatic lien “upon the collateral, as defined in s. 409.901” for the full amount of medical assistance provided by Medicaid; (2) automatic subrogation to any rights of a recipient to third-party benefits; and (3) an automatic assignment of the recipient’s rights to any third-party benefits. 409.910(6)(a)-(c), Fla. Stat. (2010) Section 409.901(7)(b), Florida Statutes (2010) defines “collateral” as “[a]ll judgments, settlements and settlement agreements rendered or entered into and related to such causes of action [related to a covered injury necessitating Medicaid payments].” (emphasis added). “Third-party benefits” are defined by section 409.901(28), Florida Statutes (2010), to include “collateral.” Thus, settlements are clearly subject to Medicaid liens in Florida.
Section 409.910(ll)(e), Florida Statutes (2010) states that the entire amount of any settlement is subject to a Medicaid claim for reimbursement limited to the amount of Medicaid assistance provided. However, section 409.910(ll)(f), the section which is at the heart of this appeal, further limits the amount of reimbursement using a formula:
(f) Notwithstanding any provision in this section to the contrary, in the event of an action in tort against a third party in which the recipient or his or her legal representative is a party which results in a judgment, award, or settlement from a third party, the amount recovered shall be distributed as follows:
1. After attorney’s fees and taxable costs as defined by the Florida Rules of Civil Procedure, one-half of the remaining recovery shall be paid to the agency up to the total amount of medical assistance provided by Medicaid.
2. The remaining amount of the recovery shall be paid to the recipient.
3. For purposes of calculating the agency’s recovery of medical assistance benefits paid, the fee for services of an attorney retained by the recipient or his or her legal representative shall be calculated at 25 percent of the judgment, award, or settlement.
4. Notwithstanding any provision of this section to the contrary, the agency shall be entitled to all medical coverage benefits up to the total amount of medical assistance provided by Medicaid. For purposes of this paragraph, “medical coverage” means any benefits under health insurance, a health maintenance organization, a preferred provider arrangement, or a prepaid health clinic, and the portion of benefits designated for medical payments under coverage for workers’ compensation, personal injury protection, and casualty.

Arkansas Department of Health & Human Services v. Ahlborn

In Arkansas Department of Health & Human Services v. Ahlborn, 547 U.S. 268, 126 S.Ct. 1752, 164 L.Ed.2d 459 (2006), the U.S. Supreme Court discussed the applicability of the federal Medicaid anti-lien provision to the Arkansas statute imposing an automatic reimbursement lien on settlements with third-party tortfeasors.
*461 In Ahlborn, Medicaid paid a total of $215,645.30 to medical providers after Ahl-born suffered severe and permanent injuries in a car accident. When Ahlborn filed suit against two tortfeasors, the Arkansas Department of Health and Human Services (ADHHS) intervened to assert an automatic reimbursement lien on the proceeds of any third-party recovery. The case settled for a total of $550,000. The parties did not allocate the settlement between categories of damages, and ADHHS did not participate in the settlement agreement. Ahlborn then filed suit in federal court seeking a declaration that ADHHS’s lien for the full amount of Medicaid benefits paid violated federal Medicaid laws insofar as its satisfaction would require reduction of compensation for injuries other than medical expenses. To facilitate the litigation, Ahlborn and ADHHS stipulated that Ahlborn’s entire claim was reasonably valued at $3,040,708.12; that the settlement amounted to approximately one-sixth of that sum; and that, if Ahl-born’s construction of federal law was correct, ADHHS would be entitled to only $35,581.47 as reimbursement for medical payments made. The Supreme Court construed the stipulation to mean that ADHHS agreed that only $35,581.47 of the settlement proceeds was attributable to medical expenses.
The Supreme Court framed the issue to be decided as “whether [ADHHS] can lay claim to more than the portion of Ahl-born’s settlement that represents medical expenses.” Id. at 280, 126 S.Ct. 1752. The Court determined that the federal third-party liability provisions require an assignment of no more than the right to recover that portion of a settlement which represents payments for medical care. Id. at 282, 126 S.Ct. 1752. The Court then specifically addressed the federal Medicaid anti-lien provision and said: “[T]he exception carved out by §§ 1396a(a)(25) and 1396k(a) [forced assignment of rights provisions] is limited to payments for medical care.” Id. at 284,126 S.Ct. 1752. Because the Arkansas statute allowed for an automatic reimbursement lien for the full amount of Medicaid payments, the Court held the Arkansas statute could not be enforced, and Arkansas was limited to a lien for the amount of the settlement proceeds it agreed was for medical expenses.
One of the arguments raised by ADHHS was that automatic reimbursement lien for the full amount of Medicaid payments was necessary to protect against the inherent danger of settlement manipulation in cases where the parties to a tort case settle without judicial oversight or input from the Medicaid agency. After observing the point was not squarely presented by the facts of the case (because there was a stipulation as to what portion of the settlement was for medical expenses), the Supreme Court was not persuaded by the argument and stated in dicta,
[T]he risk that parties to a tort suit will allocate away the State’s interest can be avoided either by obtaining the State’s advance agreement to an allocation or, if necessary, by submitting the matter to a court for decision. For just as there are risks in underestimating the value of readily calculable damages in settlement negotiations, so also is there a countervailing concern that a rule of absolute priority might preclude settlement in a large number of cases, and be unfair to the recipient in others.
Id. at 288, 126 S.Ct. 1752. In a footnote to those statements, the Supreme Court acknowledged that some states have adopted special rules and procedures for allocating tort settlements. The Court stated it was not expressing a view on such rules and procedures and left open the possibility that such rules and procedures might be *462 employed to meet concerns about settlement manipulations.

Trial Court Proceedings

In the trial court, Roberts argued that the federal Medicaid anti-lien provision and the Ahlbom decision entitled Roberts to an evidentiary hearing to determine what amount of his settlement is for medical expenses. Roberts contended that a judicial determination must be made to assure that the lien set forth in section 409.910(11)© does not exceed the third party’s payment for medical expenses.
At the preliminary hearing to determine whether an evidentiary hearing would be conducted, Roberts argued that similar to Ahlbom, AHCA’s lien for third-party benefits should be reduced in proportion to the ratio that the settlement recovery bears to the reasonable value of the case. By affidavit, Roberts proffered that the value of the case was $44 million. The settlement amount was $2,735,000.00. Thus, the ratio would be 2.75/44 and AHCA’s lien should be for $21,465.75 (6.25 percent of the $343,452.83 in medical expenses paid by Medicaid).
AHCA argued to the trial court that Ahlbom did not apply to this case because in Ahlbom the Medicaid agency stipulated to what portion of the settlement was for medical expenses, and in this case there was no such stipulation. AHCA further argued that section 409.910 controlled where there was no stipulation to determine the proper amount of settlement proceeds to be repaid to Medicaid.
The trial court denied the request for an evidentiary hearing, citing Russell, 23 So.3d 1266 (Fla. 2d DCA 2010). The trial court ordered that AHCA was entitled to a Medicaid lien in the full amount of Medicaid benefits provided to Roberts.

Russell v. Agency For Health Care Administration

In Russell, the tort action was settled for $3 million and the lien asserted by AHCA was for $221,434.24. Russell’s experts opined her case was worth $30 million. Russell argued to the trial court and on appeal that “the formula [in section 409.910] for determining the amount [AHCA] can recover on its lien from a plaintiffs tort judgment or settlement ... has been tempered by” the decision in Ahlbom, which interpreted provisions of the federal Medicaid law. The Second District concluded Russell’s position was “based on an untenable reading of Ahlborn.” Russell, 23 So.3d at 1268.
The Second District concluded that in Ahlbom, the Supreme Court rejected a “rule of absolute priority” and held that the federal Medicaid law did not authorize Arkansas to assess a lien on Alhborn’s settlement beyond the stipulated amount attributable to medical expenses. Id. The Second District also concluded that Ahl-bom did not adopt the proportionality formula used by the parties to reach a stipulation of the portion of the settlement attributable to medical expenses.
In Russell, the Second District went on to write:
In Florida, a Medicaid recipient entering into a settlement of a tort claim with a third party does so against the backdrop of the fifty-percent allocation rule set forth in section 409.910(11)©. Here, the appellant failed to establish any basis for concluding that the lien asserted by AHCA extends to a portion of the settlement “meant to compensate the recipient for damages distinct from medical costs.” Ahlborn, 547 U.S. at 272, 126 S.Ct. 1752. Accordingly, Florida’s statutory allocation rule must prevail.
Id. at 1269 (emphasis added). The Second District left unclear how, in the context of *463 a settlement, a Medicaid recipient could ever establish a basis for concluding an asserted Medicaid lien extends to proceeds meant to compensate the recipient for non-medical costs absent a stipulation by Medicaid as to an allocation of the settlement.[2] It is important to note that the Second District in a footnote acknowledged the position of the Fifth District that “under Ahlbom a plaintiff should be afforded an opportunity to seek the reduction of a Medicaid hen amount by demonstrating, with evidence, that the lien amount exceeds the amount recovered for medical expenses.” Id. at 1269 n. 1 (quoting Smith v. Agency for Health Care Admin., 24 So.3d 590, 592 (Fla. 5th DCA 2009)). The Second District expressed “no view concerning whether the fifty-percent statutory allocation rule could be displaced based on parole evidence. Russell, 23 So.3d at 1269.

Smith v. Agency for Health Care Administration

Prior to Russell, the Fifth District decided Smith v. Agency for Health Care Administration, 24 So.3d 590. In Smith the guardian for the plaintiff settled a personal injury claim for $2,225,000 after Medicaid paid $122,783.87 in medical expenses for the plaintiff. The guardian argued the settlement represented one-third of the plaintiffs total damages and Ahl-bom required the trial court to reduce the Medicaid lien to one-third of the amount Medicaid paid. The majority of the court opined that the plaintiff misread Ahlbom by not understanding that the holding was limited by the fact that the Arkansas Medicaid agency stipulated to an amount of the settlement attributable to medical expenses, which was not the case in Smith. The Fifth District flatly rejected the notion that Ahlbom adopted a formula for determining what portion of a settlement is attributable to medical expenses. Id. at 591.
The majority went on to opine that the formula used by the parties in Ahlbom was problematic in that it assumes the Medicaid lien amount to be the only medical expense included by the plaintiff as part of his or her overall damage claim, which is not a reasonable assumption. Id. The majority stated, “[Wjithout knowing how much of a plaintiffs total damage claim is comprised of medical expenses, there is no way to calculate the medical expense portion of a settlement by simply comparing the damage claim to the ultimate settlement amount.” However, in rejecting the plaintiffs argument, the majority agreed that under Ahlbom a plaintiff should be afforded an opportunity to seek the reduction of a Medicaid lien amount by demonstrating, with evidence, that the lien amount exceeds the amount recovered for medical expenses. Id. at 592.

Garcon v. Agency for Health Care Administration

After Russell, the Third District decided Garcon v. Agency for Health Care Administration, 96 So.3d 472 (Fla. 3d DCA 2012). In Garcon, the Third District agreed with the majority in Russell and held that section 409.910(1) is fully effective as a “special rule” referred to in Ahlbom which allows for AHCA to allocate what portion of a settlement is subject to its lien using a statutory formula. The Third District flatly rejected the plaintiffs assertion that he should be allowed to seek an allocation based upon a “fair evaluation” of his injuries. The Third District also asserted that the First District agreed with that posi *464 tion, citing Storey ex rel. Storey v. Hickcox, 44 So.3d 600 (Fia. 1st DCA 2010) (per curiam affd, citing Russell). The Third District apparently ignored the footnote in Russell that it was expressing no view that the statutory formula for allocation could be displaced based on parole evidence.

Tristani v. Richman

Tristani v. Richman, 652 F.3d 360 (3d Cir.2011) is the first federal circuit court opinion to address whether Ahlbom precludes the use of statutory formulas to determine what portion of a settlement is subject to a Medicaid lien. The opinion involved a class action suit. Like Florida, the Pennsylvania statute under review allowed a lien against fifty percent of the settlement, after reducing for attorney’s fees and litigation costs, up to the amount of benefits actually paid by Medicaid. Unlike Florida, an amendment to the Pennsylvania statute enacted after Ahlbom provided for an administrative appeal process if the plaintiff disagreed with the lien amount.
The class action plaintiffs contended that they settled their claims for less than full value and Medicaid reimbursement should be reduced correspondingly. The district court rejected that contention and concluded that the Pennsylvania statute validly adopted a default apportionment mechanism to divide settlements between medical costs and non-medical recoveries. The district court reasoned that the default allocation statute and the agency appeal provisions were “special rules and procedures” alluded to by Ahlbom that were consistent with the federal requirement that the State’s recovery not exceed the portion of the third-party recovery attributable to Medicaid-paid expenses. Id. at 377. The Third Circuit Court of Appeals agreed with the district court because the amended statutory framework provided for an appeal process if the plaintiff disagreed with the statutory default allocation. In holding the Pennsylvania statute valid, the Third Circuit said: “This mechanism is consistent with the Supreme Court’s holding in Ahlbom, and comports with the practice of other states.” Id. at 378.
Regarding the liens that arose prior to the amendment allowing administrative appeals, the Third Circuit held,
in determining what portion of a Medicaid beneficiary’s third-party recovery it may claim in reimbursement for Medicaid expenses, the state must have in place procedures that allow a dissatisfied beneficiary to challenge the default allocation. As the Beneficiaries point out, without such a rule nothing would prevent states from allocating 75%, 90% or even 100% of a settlement to medical expenses, thereby eviscerating the rule promulgated by Ahlbom.
Id. The Third Circuit remanded those claims for further proceedings. Id.

E.M.A. v. Cansler

In E.M.A. v. Cansler, 674 F.3d 290 (4th Cir.2012), cert. granted sub nom. Delia v. E.M.A., 567 U.S. -, 133 S.Ct. 99, — L.Ed.2d - (2012), the Fourth Circuit Court of Appeals agreed with the Third Circuit that in determining what portion of a Medicaid beneficiary’s third-party recovery a state Medicaid agency may claim as reimbursement for Medicaid expenses, the state must have in place procedures that allow a dissatisfied beneficiary to challenge a statutory default allocation. In reaching that conclusion, the Fourth Circuit also concluded that the North Carolina Supreme Court wrongly interpreted Ahlbom in upholding the validity of North Carolina’s statutory default allocation in Andrews v. Haygood, 362 N.C. 599, 669 S.E.2d 310 (N.C.2008), cert. denied sub nom. Brown v. North Carolina Department of Health and Human Services, 557 *465 U.S. 904, 129 S.Ct. 2792, 174 L.Ed.2d 291, (2009).[3] In the view of the Fourth Circuit, the unanimous decision in Ahlbom:
makes clear, federal Medicaid law limits North Carolina’s recovery to settlement proceeds representing payment for medical expenses. In the event of a lump-sum settlement, as in this case, the sum certain allocable to medical expenses must be determined, in the absence of a stipulation by the affected parties, by judicial determination or some similar adversarial process, before the state may recoup its Medicaid outlays. Accord Tristani ex rel. Karnes v. Richman, 652 F.3d 360, 378 (3d Cir. 2011) (interpreting Pennsylvania law).
Id. at 296 (emphasis in original). The Fourth Circuit emphatically stated:
The Supreme Court has characterized the third-party liability provisions in federal Medicaid law as an exception to the anti-lien provisions, stating that “[t]o the extent that the forced assignment [of payments that constitute reimbursement for medical expenses] is expressly authorized in §§ 1396a(a)(25) and 1396k(a), it is an exception to the anti-lien provision.” Ahlborn, 547 U.S. at 284, 126 S.Ct. 1752 (citing Wash. State Dep’t of Soc. & Health Servs. v. Guardianship Estate of Keffeler, 537 U.S. 371, 383-85, & n. 7, 123 S.Ct. 1017, 154 L.Ed.2d 972 (2003)). At the same time, the Supreme Court has emphasized that this exception is strictly limited-a state cannot force assignment of, or place a lien on, any property that does not constitute reimbursement for medical expenses. Id. at 284-85, 126 S.Ct. 1752 (“[T]he exception carved out by §§ 1396a(a)(25) and 1396k(a) is limited to payments for medical care. Beyond that, the anti-lien provision applies.”).
Id. at 297-98
The Fourth Circuit did not agree with North Carolina’s argument that its statute set a “reasonable cap” on the state’s recovery and therefore satisfied the federal anti-lien law. Id. at 308. Instead, the court concluded that North Carolina’s one-third cap on a Medicaid recipient’s settlement proceeds does not satisfy Ahlbom insofar as it permits North Carolina to assert a lien against settlement proceeds intended to compensate the Medicaid recipient for other claims, such as pain and suffering or lost wages. Id. at 307. The court declined to express a view as to whether allocation disputes must be adjudicated by a court, or may instead be resolved through other “special rules and procedures” alluded to in Ahlbom. However, the court held that in determining what portion of a Medicaid beneficiary’s third-party recovery the state may claim in reimbursement for Medicaid expenses, it must have in place procedures that allow a dissatisfied beneficiary to challenge the default allocation. Id. at 311. Because the North Carolina statute had no such provision, the court remanded the case back to the district court to make the allocation.

Conclusion

We hold that section 409.910, Florida Statutes, creates a presumptively valid allocation of settlement proceeds subject to a Medicaid lien when AHCA does not participate in the settlement agreement. We agree with the Second and Third Districts that Ahlbom does not invalidate the allocation set forth in section 409.910. However, the statutory allocation is a default allocation, which could run afoul of federal anti- *466 lien and anti-recovery statutes if, for example, the majority of an award (after attorney’s fees and costs) is not allocable to medical expenses. We do not agree with the Third District that Tristani supports the position that a Medicaid recipient cannot seek a judicial determination as to the allocation of what portion a settlement is subject to a Medicaid lien. Based on the appellate decisions of the Third and Fourth Circuit Courts of Appeal and the federal anti-lien and anti-recovery provisions of the Medicaid Act, we agree with the Fifth District in Smith and hold that a plaintiff should be afforded an opportunity to seek the reduction of a Medicaid lien amount established by the statutory default allocation by demonstrating, with evidence, that the lien amount exceeds the amount recovered for medical expenses. Because the trial court refused to afford Roberts an evidentiary hearing to prove the lien exceeds the amount recovered for medical expenses, we reverse and remand for further proceedings.
We certify conflict with Garcon v. Agency for Health Care Administration, 96 So.3d 472 (Fla. 3d DCA 2012), and with Russell v. Agency for Health Care Administration, 23 So.3d 1266 (Fla. 2d DCA 2010) to the extent those cases stand for the proposition that a plaintiff is not entitled to an opportunity to prove the Medicaid lien exceeds the amount recovered for medical expenses. We agree with the statements in Smith v. Agency for Health Care Administration, 24 So.3d 590 (Fla. 5th DCA 2009) that a plaintiff should be afforded an opportunity to seek the reduction of a Medicaid lien amount by demonstrating, with evidence, that the lien amount exceeds the amount recovered for medical expenses.

Reversed and remanded for further proceedings.

WARNER, J., concurs.
DAMOORGIAN, J., dissents with opinion.

. The federal government insists on compliance with its statutes because it receives a portion of any funds recouped on behalf of a recipient. See § 409.910(7)(b)(2), Fla. Stat.

. Section 409.910(6)(c)7., Florida Statutes (2010) and case law make it clear that a stipulation on allocation by a recipient and a tortfeasor is not binding on AHCA unless AHCA participates in the stipulation.

. The applicable North Carolina statute set the default allocation at one-third of the gross amount of the recovery.