PER CURIAM.
The Agency for Health Care Administration appeals an order limiting its Medicaid payments lien on appellee’s personal injury settlement to amounts allocated to medical expenses based upon an allocation formula asserted by appellee, rather than on the default allocation provision of section 409.910(ll)(f), Florida Statutes (2012). In Roberts v. Albertson’s Inc., 119 So.3d 457 (Fla. 4th DCA 2012), we recently addressed the precise issue of how the statutory provision should be applied. There we held that “a plaintiff should be afforded an opportunity to seek the reduction of a Medicaid lien amount established by the statutory default allocation by demonstrating, with evidence, that the lien amount exceeds the amount recovered for medical expenses.” Id. at 466. After our original opinion was issued, the U.S. Supreme Court held that state statutes containing default allocation formulas for Medicaid reimbursement are pre-empted by federal law to the extent that they can be categorized as conclusive presumptions. See Wos v. E.M.A. ex rel. Johnson, — U.S. —, 133 S.Ct. 1391, 1398, 185 L.Ed.2d 471 (2013). Roberts is consistent with Wos.
We reverse the trial court’s order, concluding that it did not hold an evidentiary hearing prior to adopting the allocation formula it used. Both Roberts and Wos emphasize the fact that the allocation must be based upon evidence.

Reversed and remanded for further proceedings.

WARNER, STEVENSON and GERBER, JJ., concur.