BERGER, J.
The appellants, Tiffany Davis and Owen Glenn Davis, as parents and natural guardians of Hunter Davis, a minor, appeal the trial court’s order, which determined, pursuant to the formula outlined in section 409.910, Florida Statutes (2012), that the Agency for Healthcare Administration (“AHCA”), is entitled to recover the full amount of AHCA’s Medicaid lien out of the proceeds Hunter received from a personal injury settlement. Appellants argue that section 409.910 is unenforceable to the extent it allows AHCA to recover more than what Hunter’s settlement allocated for past medical expenses. We agree and hold the trial court erred when it determined as a matter of law that it was without discretion to limit repayment of the lien and was, instead, required to apply the formula set forth in section 409.910(11)(f).
States participating in Medicaid are required by the federal government to seek reimbursement for medical expenses incurred on behalf of beneficiaries who later recover from third-party tortfeasors. See Arkansas Dep’t of Health & Human Servs. v. Ahlborn, 547 U.S. 268, 276, 126 S.Ct. 1752, 164 L.Ed.2d 459 (2006). To comply with federal directives the Florida legislature enacted section 409.910, Florida Statutes, which authorizes the State to recover from a personal injury settlement money that the State paid for the plaintiffs medical care prior to recovery. See Smith v. Agency for Health Care Admin., 24 So.3d 590, 590 (Fla. 5th DCA 2009). The specific amount the State may recover from a settlement is determined by utilizing the formula provided in section 409.910(11)(f), which caps recovery at half of the total amount of the settlement, after deducting attorney’s fees and costs.[1] § 409.910(11)(f). In the end, however, the State’s Medicaid lien recovery will be limited by federal anti-lien provisions[2] to *267 “that portion of the settlement representing payments for medical care” as those provisions have been held to “preclude[] attachment or encumbrance of the remainder of the settlement.” Ahlborn, 547 U.S. at 284, 126 S.Ct. 1752.
In the present case, nine-year-old Hunter was rendered a parapalegic and lost two siblings when the mini-van her mother was driving collided head-on into a pick-up truck. Hunter was treated at Shands Hospital for her injuries. AHCA provided $282,928.87 in benefits to Hunter and claimed a lien for that amount. The Florida Department of Health’s Spinal Cord Injury Program (DOH) also provided benefits to Hunter and asserted a lien for $6,340. ' Appellants sued the driver and owners of the pick-up truck for Hunter’s economic and non-economic damages. Because all of Hunter’s medical care related to the accident was paid by Medicaid and DOH, the sum of both their liens ($239,-268.87) constituted Hunter’s entire claim for past medical expenses.
Appellants and the third party tortfea-sor entered into settlement negotiations, ultimately agreeing that $1,000,000 would go to Hunter in satisfaction of her individual claims for damages. They agreed, based on insurance caps and comparative negligence, that the $1,000,000 settlement represented 10% of the total value of all of Hunter’s damages, including her past medical expenses. Consequently, out of the $1,000,000 Hunter was to receive, the settlement agreement allocated $23,926.88 toward Hunter’s past medical expenses (10% of the total past medical expenses of $239,268.87), and allocated the remaining $976,073.12 to compensate Hunter for all of her substantial remaining damages.
Appellants petitioned the trial court to approve the settlement and reduce AHCA’s lien accordingly. Appellants argued that since Hunter was only receiving 10% of the value of all of her damages, her liens for past medical expenses should be correspondingly reduced. Although AHCA ultimately agreed to the settlement amount, it objected to the allocation within that settlement to past medical expenses and asserted that section 409.910 required its lien be paid in full.
The trial court conducted a lengthy evidentiary hearing during which Appellants’ counsel put on evidence to establish that the $1,000,000 settlement was in Hunter’s best interest and that the allocation to compensate Hunter’s past medical expenses was fair and reasonable. AHCA did not put on any evidence regarding the fairness or reasonableness of the settlement amount or the allocation within the settlement for Hunter’s past medical expenses. AHCA also did not challenge the value placed on the damages by Hunter’s expert and trial counsel. Instead, AHCA argued that the settlement and allocation were invalid because AHCA did not consent. Thus, section 409.910 controlled and required repayment of AHCA’s full lien amount. AHCA maintained that no legal authority authorized Florida courts to allow Medicaid recipients to prove that some smaller portion of their settlement was comprised of medical expenses. The trial court agreed and awarded AHCA its full lien amount, under the assumption that the language of section 409.910(11)(f) was mandatory and precluded it from considering evidence to support limiting payment of the lien. This was error.
This court was presented with a similar set of facts in Smith, in which the guardian for the plaintiff settled a personal injury claim for $2,225,000 after Medicaid paid $122,783.87 in medical expenses. 24 So.3d 590. Utilizing the formula in section 409.910(11)(f), the trial court awarded *268 AHCA the full amount of its lien.[3] On appeal, the guardian argued that since the settlement represented one-third of the plaintiffs total damages, Ahlbom required the trial court to reduce the Medicaid lien to one-third of the amount Medicaid paid. We rejected the argument that Ahlbom adopted a formula for determining what portion of a settlement was attributable to medical expenses, noting that the formula used by the parties in Ahlbom was problematic. Id. at 591. We reasoned, “without knowing how much of a plaintiffs total damage claim is comprised of medical expenses, there is no way to calculate the medical expense portion of a settlement by simply comparing the damage claim to the ultimate settlement amount.” Id. We agreed, however, that “under Ahlbom a plaintiff should be afforded an opportunity to seek the reduction of a Medicaid lien amount by demonstrating, with evidence, that -the lien amount exceeds the amount recovered for medical expenses.” Id. at 592.
Although AHCA correctly argued that we ultimately held' section 409.910(11)(f) had to be used to determine the amount paid to AHCA in Smith, we did not do so because we determined the language in the statute was mandatory;[4] rather, we determined the formula had to be used because there was no allocation in the settlement agreement and the plaintiff proffered no evidence at the hearing from which the trial court could determine how much of the damages represented medical expenses. In other words, we determined that absent proof of an allocation in a settlement agreement, section 409.910(11)(f) must be used to calculate the amount owed to AHCA.
The fourth district also authorized use of an evidentiary hearing to determine the amount of a settlement attributable to medical expenses. See Roberts v. Albertson’s Inc., 119 So.3d 457 (Fla. 4th DCA 2012), reh’g and reh’g en banc denied, modified on reh’g, No. 4D10-2313 (Fla. 4th DCA June 26, 2013).[5] In Roberts, the plaintiff filed a motion to determine the equitable Medicaid lien amount, asking the court to determine the amount of the settlement comprised of medical expenses and to limit recoupment of the Medicaid lien to that amount. Id. at 458. As it did in the case before us, AHCA opposed a hearing arguing that the formula in section 409.910(11)(f) was mandatory and provided *269 the only mechanism to determine what portion of a personal injury settlement was subject to a Medicaid lien. Id. at 462. The trial court agreed and. ordered, based on section 409.910(11)(f), that AHCA was entitled to a Medicaid lien for the full amount of Medicaid benefits provided to the recipient. Id.
On appeal, the fourth district reversed, recognizing that the statutory formula could run afoul of federal anti-lien and anti-recovery statutes if the majority of an award was not allocable to medical expenses. Id. at 465-66. The court concluded that section 409.910 was a default allocation, which created a presumptively valid allocation of settlement proceeds subject to a Medicaid lien when AHCA does not participate in the settlement agreement. Id. at 465. The court also concluded, however, that a Medicaid recipient had the right to rebut the presumptively valid allocation by seeking a judicial determination of the portion of a personal injury settlement subject to a Medicaid lien. Specifically, the court stated, “[W]e agree with the Fifth District in Smith ... that a plaintiff should be afforded an opportunity to- seek the reduction of a Medicaid lien amount established by the statutory default allocation by demonstrating, with evidence, that the lien amount exceeds the amount recovered for medical expenses.” Id. at 466.
Smith and Roberts are both in line with the United States Supreme Court’s recent decision in Wos v. E.M.A. ex rel. Johnson, -U.S.-, 133 S.Ct. 1391, 185 L.Ed.2d 471 (2013).[6] In Wos, the Supreme Court determined that North Carolina’s third-party liability statutes, as applied, failed to comply with federal Medicaid law limiting a state’s recovery to settlement proceeds that are shown to be properly allocable to medical expenses. See E.M.A. v. Cansler, 674 F.3d 290, 312 (4th Cir.2012), cert. granted, — U.S.-, 133 S.Ct. 99, — L.Ed.2d - (2012) and aff’d sub nom., Wos v. E.M.A. ex rel. Johnson, — U.S. -, 133 S.Ct. 1391, 185 L.Ed.2d 471 (2013).[7] The defect in the North Carolina statute was that it set forth no process for determining what portion of a beneficiary’s tort recovery was attributable to medical expenses. Instead, it picked an arbitrary number, one-third, and by statutory command labeled that portion of a beneficiary’s tort recovery as representing payment for medical care when the State’s Medicaid expenditures exceeded one-third of the beneficiary’s tort recovery. The Supreme Court determined that such an “irrebutta-ble, one-size-fits-all statutory presumption [was] incompatible with the Medicaid Act’s clear mandate that a'State may not demand any portion of a beneficiary’s tort recovery except the share that is attributable to medical expenses[,]” and clarified that no estimate would be necessary or appropriate when there is a judicial finding or approval of an allocation between medical and nonmedical damages in the form of either a jury verdict, court decree, or stipulation binding on all parties. Id. at 1399.
AHCA argues that Wos is readily distinguishable from the instant case and that this court is not bound in any way by that decision. AHCA insists that Wos does not *270 provide recipients a right to prove, with evidence, that any amount required for reimbursement by a state exceeds the medical expense portion of a settlement. Instead, AHCA argues that the holding of Wos was that the trial court erred in denying the recipient in that case an attempt to rebut North Carolina’s statutory formula’s determination of the medical expense portion of that settlement. We disagree.
Ahlbom and Wos make clear that section 409.910(11)(f) is preempted by the federal Medicaid statute’s anti-lien provision to the extent it creates an irre-buttable presumption and permits recovery beyond that portion of the Medicaid recipient’s third-party recovery representing compensation for past medical expenses.[8] Accordingly, we agree with the fourth district in Roberts that section 409.910(11)(f) is a “default allocation.” 119 So.3d at 465. As such, we reiterate our prior directive and hold that a Medicaid recipient “should be afforded the opportunity to seek the reduction of a Medicaid lien amount by demonstrating, with evidence, that the lien amount [established by section 409.910(11X0 ] exceeds the amount recovered for medical expenses.” Smith, 24 So.3d at 592; see also Agency for Health Care Admin. v. Riley, 119 So.3d 514, 516 (Fla. 2d DCA 2013) (expressly adopting the fourth district’s holding in Roberts that a plaintiff should be afforded an opportunity to seek the reduction of a Medicaid lien amount established by the statutory default allocation by demonstrating, with evidence, that the lien amount exceeds the amount recovered for medical expenses).
Regardless, AHCA insists that the recipient in this case was provided an eviden-tiary hearing and was unable to persuade the trial court to rule in her favor. The trial court’s detailed order belies such interpretation. Despite its express finding that “[t]he facts and circumstances of the injury and the limited settlement justify relief from the full payment of the lien,” the trial court believed it was “hamstrung by section 409.910” and without discretion to reduce the lien. This was error because our decision in Smith gave the trial court the authority to reduce the lien if there was sufficient evidence introduced to support the reduction. However, to the extent we were unclear, Wos,Roberts, and Riley expressly authorize a plaintiff to seek, by way of an evidentiary hearing, the reduction of the Medicaid lien amount established by the statutory allocation. Accordingly, we reverse the order on appeal and remand for a supplemental hearing to allow the trial court and the parties to be guided by these decisions.[9] The trial court is free to rely on evidence in the record *271 from the prior hearing and, if necessary, to consider additional evidence.
REVERSED and REMANDED.
ORFINGER and WALLIS, JJ., concur.

.Section 409.910(11)(f) provides:
(f) Notwithstanding any provision in this section to the contrary, in the event of an action in tort against a third party in which the recipient or his or her legal representative is a party which results in a judgment, award, or settlement from a third party, the amount recovered shall be distributed as follows:
1. After attorney's fees and taxable costs as defined by the Florida Rules of Civil Procedure, one-half of the remaining recovery shall be paid to the agency up to the total amount of medical assistance provided by Medicaid.
2. The remaining amount of the recovery shall be paid to the recipient.
3. For purposes of calculating the agency’s recovery of medical assistance benefits paid, the fee for services of an attorney retained by the recipient or his or her legal representative shall be calculated at 25 percent of the judgment, award, or settlement.
4.Notwithstanding any provision of this section to the contrary, the agency shall be entitled to all medical coverage benefits up to the total amount of medical assistance provided by Medicaid. For purposes of this paragraph, "medical coverage” means any benefits under health insurance, a health maintenance organization, a preferred provider arrangement, or a prepaid health clinic, and the portion of benefits designated for medical payments under coverage for workers’ compensation, personal injury protection, and casualty.

. See 42 U.S.C. § 1396p(a)(1) (2010).

. Medicaid could have recovered up to $707,778.00 in medical expenses using the formula in section 409.910. However, because the State’s Medicaid lien totaled far less than the statutory cap, section 409.910 allowed the State to recover from the settlement the full amount it paid on the plaintiff's behalf. Smith, 24 So.3d at 591.

. Indeed, section 409.910(13) expressly grants trial courts the discretion to bind AHCA to a settlement in the absence of AHCA’s consent. The statute provides:
(13) No action of tlie recipient shall prejudice the rights of the agency under this section. No settlement, agreement, consent decree, trust agreement, annuity contract, pledge, security arrangement, or any other device, hereafter collectively referred to in this subsection as a “settlement agreement,” entered into or consented to by the recipient or his or her legal representative shall impair the agency's rights. However, in a structured settlement, no settlement agreement by the parties shall be effective or binding against the agency for benefits accrued without the express written consent of the agency or an appropriate order of a court having personal jurisdiction over the agency.
§ 409.910(13), Fla. Stat. (emphasis added).

.Roberts was decided two weeks after the initial brief was filed in this case. Nonetheless, AHCA chose not to address the opinion in either its reply brief or its supplemental memorandum analyzing Wos v. E.M.A. ex rel. Johnson, -U.S. -, 133 S.Ct. 1391, 185 L.Ed.2d 471 (2013).

. Wos was decided after the trial court issued its ruling and while this casé was pending on appeal.

. The fourth circuit, in E.M.A, listed several states that had imposed statutory caps on Medicaid third-party recovery, but had amended their third-party liability statutes to comply with the holding in Ahlborn. Wos, 674 F.3d at 309. It highlighted, however, that Florida, Georgia, Hawaii, Iowa and North .Carolina still impose a statutory cap or allowed full recovery for Medicaid reimbursements post-Ahlbom. Id. at 310.

. The Florida Legislature has since amended section 409.910 to allow the Medicaid recipient an opportunity to challenge the amount of the lien in an administrative hearing. Specifically, section 409.910(17) provides an administrative mechanism whereby a recipient may contest the amount designated as recovered medical expense damages payable to AHCA. In order to successfully challenge the amount payable to the agency, the recipient must prove, by clear and convincing evidence, that a lesser portion of the total recovery should be allocated as reimbursement for past and future medical expenses than the amount calculated by the agency pursuant to the formula set forth in paragraph (11)(f) or that Medicaid provided a lesser amount of medical assistance than that asserted by the agency. The revision also provides AHCA the means to prevent a fraudulent allocation of medical expenses that serves to reduce the amount AHCA can recover. § 409.910(17)(b), Fla. Stat.

. We decline to comment on whether the evidence introduced at the hearing was sufficient to warrant the trial court’s conclusion.