PER CURIAM.
 

 Appellant, the plaintiff in a medical malpractice action brought on behalf of her son, challenges the trial court’s ruling ordering full satisfaction of a Medicaid lien from the proceeds of a settlement between the appellant and the defendants in the malpractice action. For the reasons we explain, we affirm the trial court’s ruling.
 

 Florida’s Medicaid Third-Party Liability Act, § 409.910, Florida Statutes (2006), provides the statutory basis for the assertion by appellee Agency for Health Care Administration (AHCA) of a lien against third-party benefits obtained by a Medicaid recipient for medical expenses. Section 409.910(6) provides that an application for Medicaid or the acceptance of Medicaid assistance operates as an automatic assignment to AHCA of third-party benefits. Section 409.910(ll)(f) sets forth the rule governing the distribution of amounts recovered by or on behalf of a Medicaid recipient from a third party in any tort action “which results in a judgment, award, or settlement.” The statute provides that “[ajfter attorney’s fees and taxable costs ..., one-half of the remaining recovery shall be paid to [AHCA] up to the total amount of medical assistance provided by Medicaid,” § 409.910(ll)(f)(l), and that “[t]he remaining amount of the recovery shall be paid to the [Medicaid] recipient,” § 409.910(ll)(f)(2).
 

 In the instant case, the tort action was settled for $3 million, and the lien asserted by AHCA was for $221,434.24. The settlement agreement contained no allocation of the amount recovered among the various elements of damages suffered by the recipient. Nor have the parties to the settlement or AHCA otherwise agreed to such an allocation. Since the lien amount— representing the undisputed cost of medical care provided by Medicaid — does not exceed fifty percent of the amount recovered in the settlement, AHCA is entitled to full satisfaction of its lien pursuant to section 409.910(ll)(f)(l). In accordance with the statute, the trial court found “that the state of Florida’s Medicaid lien is equivalent to the past medical damages portion of the partiesf] undifferentiated settlement agreement” and ordered that the appellant “pay the full amount of the Medicaid lien to the state of Florida.”
 

 On appeal, the appellant argues — as she did before the trial court — that “the formula [in section 409.910] for determining the amount [AHCA] can recover on its lien from a plaintiffs tort judgment or settlement ... has been tempered by” the decision in
 
 Arkansas Department of Health & Human Services v. Ahlborn,
 
 547 U.S. 268, 126 S.Ct. 1752, 164 L.Ed.2d 459 (2006), which interpreted provisions of the federal Medicaid law. The appellant contends that
 
 Ahlbom
 
 supports her claim that because the value of the medical malpractice case — as asserted in expert testimony presented by the appellant — was $30 million and the $3 million settlement constituted a
 
 *1268
 
 recovery of only one-tenth of the actual damages suffered by the Medicaid recipient, AHCA was entitled to recover only one-tenth of its Medicaid lien. We conclude, however, that the position urged by the appellant is based on an untenable reading of
 
 Ahlbom.
 

 In
 
 Ahlbom,
 
 the Supreme Court considered whether the Arkansas Medicaid statute, under which the state asserted — with respect to the proceeds of a tort settlement — an unqualified “right to recover the entirety of the costs it paid on the Medicaid recipient’s behalf,” violated the third-party liability provisions of the federal Medicaid law.
 
 Id.
 
 at 278, 126 S.Ct. 1752. The parties in
 
 Ahlbom
 
 stipulated that the entire tort claim was reasonably valued at $3,040,708.12, although the case had been settled for a total of $550,000 — approximately one-sixth the value of the claim. Furthermore, the state “stipulated that only $35,581.47 of that [settlement] sum represented] compensation for medical expenses,” although it asserted a lien for $215,645.30.
 
 Id.
 
 at 280, 126 S.Ct. 1752. The state thus agreed that the portion of the settlement attributable to medical expenses was roughly equivalent to one-sixth of the lien amount. The state utilized a formula under which the portion of the settlement attributable to medical expenses was roughly based on the ratio of the amount recovered in the settlement to the amount of the full value of the case.
 

 The Court rejected the state’s argument that it was entitled to obtain satisfaction of its lien “out of [settlement] proceeds meant to compensate the recipient for damages distinct from medical costs — like pain and suffering, lost wages, and loss of future earnings.”
 
 Id.
 
 at 272, 126 S.Ct. 1752. In brief, the court reasoned that the federal statutory provisions regarding the forced assignment of third-party benefits
 
 “require
 
 an assignment of no more than the right to recover that portion of a settlement that represents payments for medical care,”
 
 id.
 
 at 282, 126 S.Ct. 1752, and that the “anti-lien provision” of federal law “precludes attachment or encumbrance of the remainder of the settlement,”
 
 id.
 
 at 284, 126 S.Ct. 1752. The court thus rejected the “rule of absolute priority,”
 
 id.
 
 at 288, 126 S.Ct. 1752, embodied in the Arkansas Medicaid lien provision and held that the federal Medicaid law did not authorize the state “to assert a lien on Ahlborn’s settlement in an amount exceeding $35,581.47, and the federal anti-lien provision affirmatively prohibited] it from doing so,”
 
 id.
 
 at 292, 126 S.Ct. 1752.
 

 Central to the
 
 Ahlbom
 
 court’s reasoning was the state’s stipulation concerning the portion of the settlement attributable to medical expenses. On the basis of that stipulation, the court reached its conclusion that the state’s lien claim exceeded “that portion of a settlement that represented] payments for medical care.”
 
 Id.
 
 at 282, 126 S.Ct. 1752. In the instant ease, there is no such stipulation and no similar basis for determining an allocation of the settlement proceeds. Contrary to appellant’s suggestion, the
 
 Ahlbom
 
 decision does not establish as a rule of law the formula utilized by the state of Arkansas to determine the portion of the settlement attributable to medical expenses. That formula simply was part of the facts presented to the court.
 
 See Smith v. Agency for Health Care Admin.,
 
 24 So.3d 590, 591 (Fla. 5th DCA 2009) (“[T]he [C]ourt in
 
 Ahlbom
 
 simply accepted the stipulation ] and in no way adopted the formula as a required or sanctioned method to determine the medical expense portion of an overall settlement amount.”);
 
 Andrews ex rel. Andrews v. Haygood,
 
 362 N.C. 599, 669 S.E.2d 310, 313 (2008) (“The
 
 Ahlbom
 
 holding, limited by the parties’ stipulations, did not require a specific method for determining the portion of a settlement
 
 *1269
 
 that represents the recovery of medical expenses.”).
 

 In Florida, a Medicaid recipient entering into a settlement of a tort claim with a third party does so against the backdrop of the fifty-percent allocation rule set forth in section 409.910(ll)(f). Here, the appellant failed to establish any basis for concluding that the lien asserted by AHCA extends to a portion of the settlement “meant to compensate the recipient for damages distinct from medical costs.”
 
 Ahlbom,
 
 547 U.S. at 272,126 S.Ct. 1752. Accordingly, Florida’s statutory allocation rule must prevail. The
 
 Ahlbom
 
 court itself acknowledged that “some [s]tates have adopted special rules and procedures for allocating tort settlements” in other contexts.
 
 Id.
 
 at 288 n. 18, 126 S.Ct. 1752. The
 
 Ahlbom
 
 court went on to state: “Although we express no view on the matter, we leave open the possibility that such rules and procedures might be employed to meet concerns about settlement manipulation.”
 
 Id.; see also Andrews,
 
 669 S.E.2d at 314 (holding that the “one-third limitation” on lien claims under North Carolina Medicaid statute “comports with
 
 Ahlbom
 
 by providing a reasonable method for determining the State’s medical reimbursements”).
 
 [1]
 

 In recognizing the significance of the lack of an allocation in the settlement agreement here, we by no means suggest that an allocation in the settlement agreement — entered without the agreement of AHCA — would be dispositive. As the court acknowledged in
 
 Ahlbom,
 
 “the
 
 risk
 
 that
 
 parties
 
 to a tort suit will allocate away the State’s interest,”
 
 id.
 
 at 288, 126 S.Ct. 1752, may justify the use of “special rules and procedures,”
 
 id.
 
 at 288 n. 18, 126 S.Ct. 1752, or may require submission of “the matter to a court for decision,”
 
 id.
 
 at 288, 126 S.Ct. 1752. Such a judicial determination, however, is not necessary where the parties to a settlement agreement have not agreed on an allocation.
 
 See Andrews,
 
 669 S.E.2d at 313
 
 (“Ahlbom ...
 
 does not mandate a judicial determination of the portion of a settlement from which the State may be reimbursed for prior medical expenditures.”).
 

 Affirmed.
 

 DAVIS, J.,
 
 [2]
 
 and CANADY, CHARLES T., and ROSMAN, JAY B., Associate Judges, Concur.
 

 [1]
 

 . In
 
 Smith,
 
 the court suggested "that under
 
 Ahlbom
 
 a plaintiff should be afforded an opportunity to seek the reduction of a Medicaid lien amount by demonstrating, with evidence, that the lien amount exceeds the amount recovered for medical expenses." 24 So.3d at 592. We express no view concerning whether the 50-percent statutory allocation rule could be displaced based on parole evidence showing that a lien based on that rule would extend to a portion of the settlement meant to compensate for damages other than medical expenses.