ALTENBERND, Judge.
The Agency for Health Care Administration (AHCA) appeals an order of the trial court determining the portion of a personal injury settlement subject to AHCA’s Medicaid lien. For reasons further explained in this opinion, we reverse and remand.
Caesar Riley was shot by a third party who has not been involved in this litigation. Mr. Riley brought a personal injury lawsuit against the owner of the property on *515 which the shooting occurred. Mr. Riley’s injuries were serious and much of his medical treatment was covered by Florida’s Medicaid program, which is administered by AHCA. The medical expenses for which AHCA claimed a Medicaid lien totaled somewhat in excess of $225,000. While Mr. Riley was still alive, he settled his case with the property owner.[1] AHCA was not actively involved in that settlement and the details of the settlement are confidential.[2]
Following the settlement, Mr. Riley filed a motion to determine the Medicaid lien. In the trial court proceeding, AHCA refused to stipulate concerning the portion of the settlement attributable to medical expenses. Relying, in part, on our decision in Russell v. Agency for Health Care Administration, 23 So.3d 1266 (Fla. 2d DCA 2010), it maintained that it was entitled to full satisfaction of its lien. AHCA maintained that under Florida’s Medicaid Third-Party Liability Act, specifically section 409.910(ll)(f), Florida Statutes (2010), and consistent with this court’s decision in Russell, it was entitled to a full reimbursement of its Medicaid lien and that the trial court should not consider evidence presented by the Medicaid recipient that might rebut the application of the formula set forth in section 409.910(ll)(f).[3] The trial court rejected this argument and allocated an amount that was less than the actual Medicaid payments made on behalf of the Medicaid recipient, Mr. Riley.
After the trial court made its ruling and while this case was pending on appeal, the United States Supreme Court decided Wos v. E.M.A., — U.S. -, 133 S.Ct. 1391, 185 L.Ed.2d 471 (2013), which severely undermined the reasoning of our decision in Russell. Also while this appeal was pending, the Fourth District issued a decision authorizing a trial court to conduct a hearing similar to the hearing conducted in this case. See Roberts v. Albertson’s Inc., 119 So.3d 457, 2012 WL 5232182 (Fla. 4th DCA 2012), reh’g and reh’g en banc denied, modified on reh’g, No. 4D10-2313 (Fla. 4th DCA June 26, 2013).
When Wos was released, this court ordered each party to submit a memorandum of law addressing the impact of Wos on this case. In its memorandum of law, AHCA modified its position and it now argues that section 409.910 should be read in such a way as to allow a recipient to attempt to rebut the presumption set forth in section 409.910(ll)(f).[4] It now argues *516 that Mr. Riley failed to present evidence that rebutted the presumption.
AHCA’s acknowledgement that a recipient should be afforded an opportunity to attempt to rebut the statutory presumption is consistent with the holding of the Fourth District in Roberts, which treats the statutory allocation as a “default allocation.” Roberts, 119 So.3d at 464. We conclude that the Fourth District’s holding in Roberts is correct. To avoid any confusion, we expressly adopt the holding of Roberts, which states
that a plaintiff should be afforded an opportunity to seek the reduction of a Medicaid lien amount established by the statutory default allocation by demonstrating, with evidence, that the lien amount exceeds the amount recovered for medical expenses.

Id.

[5]

Although the hearing conducted by the trial court in this case may be similar to the hearing contemplated by the Fourth District in Roberts and the United States Supreme Court in Wos, the trial court obviously had no ability to apply this new law during the hearing. AHCA had the right to rely on our Russell opinion at the time of that hearing. We conclude that Russell is no longer correct law. Recognizing that the trial court may ultimately make a decision similar to the decision that it has already made, we nevertheless conclude that the issue should be newly decided at a hearing at which both parties and the trial court will be guided by the decisions in Wos and Roberts. Accordingly, we reverse the order on appeal and remand for a supplemental hearing. The trial court is free to rely on evidence in the record from the prior hearing and, as needed, to consider additional evidence.
Reversed and remanded.
NORTHCUTT and WALLACE, JJ„ Concur.

. The trial court proceeding was not a wrongful death case. Mr. Riley died during the pendency of the case, and his personal representative was substituted as the proper party by this court.

. Much of the record provided to this court was sealed, including the transcript of a critical hearing in this matter. For that reason, we have avoided discussing specific details that might reveal the terms of the settlement.

. In effect, section 409.910(1 l)(f) creates a presumption that the amount AHCA is entitled to receive from a Medicaid recipient’s judgment, award, or settlement in a tort action is either the total amount of medical assistance paid by Medicaid or approximately 37.5% of the judgment, award, or settlement, whichever is less.

.AHCA specifically refers to another provision in section 409.910 to support this argument, i.e., section 409.910(17). At the time Mr. Riley settled with the owner of the property where he was seriously injured, that section read:
(17) A recipient or his or her legal representative or any person representing, or acting as agent for, a recipient or the recipient’s legal representative, who has notice, excluding notice charged solely by reason of the recording of the lien pursuant to paragraph (6)(c), or who has actual knowledge of the agency’s rights to third-party benefits under this section, who receives *516 any third-party benefit or proceeds therefrom for a covered illness or injury, is required either to pay the agency, within 60 days after receipt of settlement proceeds, the full amount of the third-party benefits, but not in excess of the total medical assistance provided by Medicaid, or to place the full amount of the third-party benefits in a trust account for the benefit of the agency pending judicial or administrative determination of the agency's right thereto.
§ 409.910(17), Fla. Stat. (2010) (emphasis added).

. While this matter was pending on appeal, section 409.910 was substantially revised in several respects, including the addition of provisions in section 409.910(17) for an administrative mechanism whereby a recipient may contest the amount designated as recovered medical expense damages payable to the Agency for Health Care Administration. See ch. 2013-48, §§ 6, 14, Laws of Fla. (eff. July 1, 2013); ch. 2013-150, §§ 2, 7, Laws of Fla. (eff. July 1, 2013). Although chapter 2013-48, section 6, and chapter 2013-150, section 2, are not identical, both provide for the same administrative mechanism.