KHOUZAM, Judge.
Reuben Fife, Jr., was catastrophically injured when he overdosed on cocaine shortly after he was taken into custody at a juvenile detention center. Candy Dillard, Fife’s mother, filed suit on Fife’s behalf against the Sheriff of Collier County, the Department of Juvenile Justice, and Prison Health Services, claiming that he had been denied appropriate medical attention at the detention center. The suit settled, and because Fife had received and continues to receive Medicaid benefits to cover his medical costs, the Agency for Health Care Administration (AHCA), which administers Florida’s Medicaid program, asserted its right to be reimbursed from the settlement. Dillard moved to reduce the Medicaid lien, and the circuit court denied her motion. Dillard appeals *821 the denial. We reverse and remand because, although the trial court’s order was well reasoned and appears to have been legally accurate when issued, it relied on case law that has since been overturned.
In the trial court, AHCA argued that it was entitled to be reimbursed in the amount produced by applying the formula set out in section 409.910(ll)(f), Florida Statutes (2011), to the entire settlement. According to AHCA, this amount represented the past medical expenses portion of the settlement.[1] Dillard, on the other hand, contended that the AHCA was only entitled to apply the statutory formula to the portion of the settlement already allocated to past medical expenses because 42 U.S.C. § 1396p(a)(l) (2012), the anti-lien provision of the Federal Medicaid law, prohibits the encumbrance or attachment of proceeds related to damages other than medical costs. Dillard relied on the United States Supreme Court’s decision in Arkansas Department of Health & Human Services v. Ahlborn, 547 U.S. 268, 126 S.Ct. 1752, 164 L.Ed.2d 459 (2006).[2] The trial court found that section 409.910(ll)(f) was not preempted by the Federal Medicaid law, citing Russell v. Agency for Health Care Administration, 23 So.3d 1266 (Fla. 2d DCA 2010), in which this court held that it was appropriate to apply the statutory formula to an entire settlement in the absence of evidence that the Medicaid lien extended beyond the portion of the settlement meant to cover medical damages.
But during the pendency of this appeal, the United States Supreme Court issued Wos v. E.M.A. ex rel. Johnson, — U.S. -, 133 S.Ct. 1391, 185 L.Ed.2d 471 (2013), and this court applied Wos to section 409.910(ll)(f) in Agency for Health Care Administration v. Riley, 119 So.3d 514 (Fla. 2d DCA 2013), holding that Russell is no longer good law. In Wos, the Court held that an “irrebuttable, one-size-fits-all statutory presumption is incompatible with the Medicaid Act’s clear mandate that a State may not demand any portion of a beneficiary’s tort recovery except the share that is attributable to medical expenses.” 133 S.Ct. at 1399. The Court suggested that a State could remedy this problem by providing a process for determining which portion of the recovery is attributable to medical expenses. Id. at 1401-02.
In Riley, this court held that the statutory allocation in section 409.910(ll)(f) should be treated as a default allocation and that the plaintiff must be given an opportunity to rebut it. The court clarified that “ ‘a plaintiff should be afforded an opportunity to seek the reduction of a Medicaid lien amount established by the statutory default allocation by demonstrating, with evidence, that the lien amount exceeds the amount recovered for medical expenses.’ ” Riley, 119 So.3d at 516 (quoting Roberts v. Albertson’s Inc., 119 So.3d 457, 466 (Fla. 4th DCA 2012)). Accordingly, though we recognize that the trial court may ultimately deny Dillard’s motion to reduce lien again on remand, we must reverse and remand for this issue to be newly decided at a supplemental hearing at which the parties and the trial court will *822 be guided by Wos and Riley.[3] The trial court may rely on evidence in the record from the prior hearing and consider additional evidence as needed.
Reversed and remanded for further proceedings consistent with this opinion.
LaROSE and MORRIS, JJ., Concur.

. AHCA also argues for the first time on appeal that it should be able to recover from the portion of the settlement allocated to future medical expenses as well as past medical expenses. We do not comment on this argument because it was not raised in the trial court.

. Unlike in Ahlbom, where the parties had stipulated to the amount of the settlement that accounted for medical expenses, there was no such finding or stipulation in this case.

. We note that section 409.910 has been substantially amended since the trial court entered its order in this case and it now provides a mechanism for hearings as envisioned in Wos and Riley. See § 409.910(17)(b), Fla. Stat. (2013) (stating that “[a] recipient may contest the amount designated as recovered medical expense damages payable to the agency pursuant to the formula specified in paragraph (ll)(f) by filing a petition under chapter 120 within 21 days after the date of payment of funds to the agency or after the date of placing the full amount of the third-party benefits in the trust account for the benefit of the agency”). AHCA mentioned the amendment at oral argument, suggesting that it would not apply in this case because it effects a substantive change and does not include any language indicating that it would apply retroactively. However, the parties ultimately did not ask this court to address whether the amendment applies here, and we make no finding on this issue.