IN THE DISTRICT COURT OF APPEAL
FIRST DISTRICT, STATE OF FLORIDA

KAITLYN HARRELL, a minor,
individually and through her
natural parents and guardians,
JOY D. HARRELL and GREG A.
HARRELL, husband and wife,
and JOY D. HARRELL and
GREG HARRELL, individually,

     Appellants,

v.

STATE OF FLORIDA,
AGENCY FOR HEALTH CARE
ADMINISTRATION, et. al.,

     Appellee.

_____/

NOT FINAL UNTIL TIME EXPIRES TO
FILE MOTION FOR REHEARING AND
DISPOSITION THEREOF IF FILED

CASE NO. 1D12-5597

Opinion filed July 28, 2014.

An appeal from the Circuit Court for Bay County.
Hentz McClellan, Judge.

Floyd B. Faglie of Staunton & Faglie, P.L., Monticello, for Appellant.

Adam J. Stallard of Agency for Health Care Administration, Tallahassee, for Appellee.


MAKAR, J.

Appellants, Joy D. Harrell and Greg Harrell, appeal an order of the trial court determining that the Agency for Health Care Administration (AHCA) is

entitled to the full amount of its Medicaid lien from the personal injury settlement the Harrells entered on behalf of their daughter, Kaitlyn Harrell. For the reasons that follow, we reverse and remand.

In 2002, Kaitlyn was deprived of oxygen during the birthing process and left with catastrophic injuries, including mental retardation, cerebral palsy, and quadriplegia. The Harrells sued the hospital for damages, eventually accepting a confidential settlement. Florida's Medicaid program, administered through AHCA, paid medical expenses for Kaitlyn's care in the amount of $360,741.48, for which AHCA asserted a lien in the full amount from the settlement proceeds. The Harrells filed a petition to determine the amount of the Medicaid lien, specifically arguing that the formula in section 409.910(11)(f), Florida Statutes, used to determine the amount of the State's recovery had been "overruled" by the United States Supreme Court in <u>Arkansas Department of Health & Human Services v. Ahlborn</u>, 547 U.S. 268, 292 (2006), which held that the federal anti-lien provision affirmatively barred states from asserting a lien on a settlement in excess of the medical expenses. They argued that because the past medical expenses they recovered were less than the lien asserted by AHCA, it could only recover its proportionate share. Relying in part on the decision in <u>Russell v. Agency for Health Care Administration</u>, 23 So. 3d 1266 (Fla. 2d DCA 2010), AHCA opposed the petition, arguing that use of the statutory formula was mandatory, and under the

2

formula, it was entitled to full satisfaction of its lien. At the hearing on the petition, the trial court agreed with AHCA, concluding that "at this juncture at least, this court is obligated to render a decision in favor of [AHCA] for the full amount of its lien."

At the time of the hearing, the trial court acknowledged that the United States Supreme Court had granted review of a case similar to the one before it: Wos v. E.M.A., 133 S. Ct. 1391 (2013). The Supreme Court in Wos subsequently held that North Carolina's statutes, which established a set proportion (one-third) as the amount of the state's reclamation from a beneficiary's tort recovery, was pre-empted by the Medicaid Act to the extent they required payment beyond that shown to be for medical expenses. Id. at 1399 ("An irrebuttable, one-size-fits-all statutory presumption is incompatible with the Medicaid Act's clear mandate that a State may not demand any portion of a beneficiary's tort recovery except the share that is attributable to medical expenses.").

The decision in Wos has undermined the reasoning of the decisions that AHCA and the trial court have previously relied upon, so much so that three of five district courts in Florida have, when presented with the issue of whether section 409.910(11)(f) has been preempted, uniformly changed course by issuing opinions consistent with Wos.[1]  See, e.g., Ag. for Health Care Admin. v. Riley,

---

[1] Because section 409.910 was substantially amended, effective July 1, 2013, to

3

119 So. 3d 514 (Fla. 2d DCA 2013) (applying Wos, abrogating Russell, and expressly adopting the holding in Roberts v. Albertson's Inc., 119 So. 2d 457 (Fla. 4th DCA 2012)); see also Dillard v. Ag. for Health Care Admin., 127 So. 3d 820 (Fla. 2d DCA 2013) (holding that recipient entitled to present evidence to rebut amount of claimed Medicaid lien); Davis v. Roberts, 130 So. 3d 264, 269 (Fla. 5th DCA 2013) (holding that statutory formula in section 409.910(11)(f) is not mandatory; parents of Medicaid recipient child were entitled to opportunity to demonstrate AHCA's lien exceeded portion of settlement allocated to medical expenses); Ag. for Health Care Admin. v. Williams, 127 So. 3d 854 (Fla. 4th DCA 2013) (holding similarly). As the Fifth District recently noted, "*Ahlborn* and *Wos* make clear that section 409.910(11)(f) is preempted by the federal Medicaid statute's anti-lien provision to the extent it creates an irrebuttable presumption and permits recovery beyond that portion of the Medicaid recipient's third-party recovery representing compensation for past medical expenses." Davis, 130 So. 3d at 270.

The Harrells urge that we fall in line with these decisions, which is warranted because our district's jurisprudence is outdated in light of the change that Wos has wrought. As an example, in Storey ex rel. Storey v. Hickcox, 44 So.

provide a mechanism for the hearings envisioned by Wos to challenge the presumptive lien amount, see § 409.910(17)(b)-(e), Fla. Stat. (2013), much of the debate regarding the continued viability of the prior case law is now largely academic.

4

3d 600 (Fla. 1st DCA 2010), we specifically relied upon <u>Russell</u> to affirm, in a per curiam decision, the trial court's denial of a motion for equitable distribution. But <u>Russell</u> is no longer valid, the Second District forswearing its continued applicability. <u>See</u> <u>Riley</u>, 119 So. 3d at 516. Because <u>Wos</u> has altered the Medicaid reimbursement field, we must recede from <u>Hickcox</u>, and we decide expressly to adopt the holding of <u>Riley</u> (as adopted from <u>Albertson's Inc.</u>). <u>Riley</u>, 119 So. 3d at 516. That is, we now hold that a plaintiff must be given the opportunity to seek reduction of the amount of a Medicaid lien established by the statutory formula outlined in section 409.910(11)(f), by demonstrating, with evidence, that the lien amount exceeds the amount recovered for medical expenses. When such evidence is introduced, a trial court must consider it in making a determination on whether AHCA's lien amount should be adjusted to be consistent with federal law.

At the time the trial court issued its ruling in this case, it could not apply this new legal principle, concluding instead that it was bound to follow the statutory formula at issue and could not consider the Harrells's evidence. On remand, the trial court may consider evidence in the record from the prior hearing and, as appropriate, any additional relevant evidence in determining the appropriate amount of medical evidence subject to the lien. <u>See</u> <u>Riley</u>, 119 So. 3d at 516.

REVERSED and REMANDED

RAY and SWANSON, JJ., CONCUR.