NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING
MOTION AND, IF FILED, DETERMINED

IN THE DISTRICT COURT OF APPEAL

OF FLORIDA

SECOND DISTRICT

IALA SUAREZ, individually and as )
parent and natural guardian of K.D.P., )
a minor, )
                          )
        Appellant, )
                          )
v.                       )    Case No. 2D14-2627
                          )
PORT CHARLOTTE HMA, LLC d/b/a )
PEACE RIVER REGIONAL MEDICAL )
CENTER, a Florida corporation for )
profit; MICHAEL A. COFFEY, MD., )
MICHAEL A. COFFEY, M.D., P.A., a )
Florida corporation for profit; RUBEN )
GUZMAN, M.D., RUBEN GUZMAN, M.D., )
P.A., a Florida corporation for profit; )
WILLIAM O'BRIEN, M.D.; MATERNAL )
FETAL MEDICINE OF SOUTHWEST )
FLORIDA, P.A., a Florida corporation for )
profit; STATE OF FLORIDA, AGENCY )
FOR HEALTH CARE ADMINSTRATION, )
                          )
        Appellees. )
_____ )

Opinion filed April 17, 2015.

Appeal from the Circuit Court for Charlotte
County; Joseph G. Foster, Judge.

Stuart Ratzan of The Ratzan Law Group,
P.A., Miami, and Kimberly L. Boldt of the
Boldt Law Firm, Boca Raton, for Appellant.

Adam J. Stallard, (withdrew after briefing), Karen Dexter and Alexander R. Boler of Xerox Recovery Services; and Frank Dichio, State of Florida, Agency for Health Care Administration, Tallahassee, for Appellee, State of Florida, Agency for Health Care Administration.

Denise L. Dawson of Hall Booth Smith, PC, North Palm Beach, for Appellee, Port Charlotte, LLC d/b/a Peace River Regional Medical Center.

Karen L. Mallin and Louis J. La Cava of La Cava & Jacobson, P.A., Tampa, for Appellee, Michael A. Coffey, M.D., and Michael A. Coffey, M.D., P.A.

No appearance for remaining Appellees.

PER CURIAM.

Iala Suarez appeals the circuit court's determination that it lacked jurisdiction to resolve the dispute between Suarez and the Agency for Health Care Administration regarding the amount the agency was entitled to recover for past medical expenses from Suarez's settlement with a third-party defendant in her action for medical malpractice. We agree with the circuit court's application of section 409.910(17)(b), Florida Statutes (2013), and hold that the circuit court lacked jurisdiction to consider Suarez's motion for a determination of the amount of the Medicaid lien. For the reasons stated below, we treat this appeal as a petition for writ of mandamus and deny the writ.

**Facts**

On May 30, 2013, Suarez filed a complaint alleging medical malpractice against seven defendants. Suarez sought recovery against the defendants for her

daughter's permanent and catastrophic injuries sustained during birth. On February 14, 2014, Suarez petitioned the trial court to approve a settlement with one of the defendant doctors, Dr. Ruben Guzman. The court approved the settlement on April 3, 2014, and in the same order approved the guardian ad litem's recommendation to allocate $4129.71 for past medical expenses. We note that the record is unclear as to whether Suarez gave AHCA notice of the settlement as required by section 409.910(11)(d).

On April 28, 2014, Suarez filed an emergency motion for determination of Medicaid lien, seeking "an order directing the Agency for Health Care Administration to accept the Court's allocation to the Agency from the settlement." After a hearing, the court quashed the motion, finding that it lacked jurisdiction over the dispute regarding the lien under section 409.910(17)(b), which requires a recipient of Medicaid benefits to contest the amount designated as a recovered medical expense by petition to the Division of Administrative Hearings. Suarez now appeals this order.

**Jurisdiction**

The order on appeal is not a final order; the parties remain participants in the underlying proceedings against the remaining defendants, and the order lacks any words of finality. See Rollins Fruit Co. v. Wilson, 923 So. 2d 516, 519 (Fla. 2d DCA 2005) ("A judgment is not final where further judicial labor is required or contemplated to end the litigation between the parties."). The order is not an appealable nonfinal order under Florida Rule of Appellate Procedure 9.130 because it is an order determining the circuit court's subject matter jurisdiction. See Diasti v. Dep't of Revenue, 122 So. 3d 492, 492 (Fla. 2d DCA 2013) (explaining that an order determining subject matter jurisdiction over the cause of action "is a nonfinal, nonappealable order"). On appeal,

- 3 -

Suarez asks this court to order the trial court to hear her motion and resolve her dispute with AHCA over the amount of the Medicaid lien. Accordingly, this appeal is converted to a petition for writ of mandamus; because we hold that the trial court has no duty to hear the motion, we deny the petition.

**Analysis**

Section 409.910 was amended in 2013 to add subsection 17(b), which outlines a procedure by which a recipient of Medicaid "may contest the amount designated as recovered medical expense damages payable to the agency pursuant to paragraph 11(f)." Ch. 2013-150 § 2, at 1718-19, Laws of Fla. Prior to the amendment, recipients were able to challenge the amount of a settlement designated as a recovery for past medical expenses by motion in the circuit court. See, e.g., Agency for Health Care Admin. v. Riley, 119 So. 3d 514, 515 (Fla. 2d DCA 2013). After the 2013 amendment, recipients must bring their challenges by petition to the Division of Administrative Hearings. See § 409.910(17)(b). Here, Suarez argues that the 2012 version of the statute should apply to her because she filed her action on May 30, 2013, prior to the effective date of the 2013 amendment. She contends that the amendment to section 409.910(17)(b) is a substantive change in the law and that therefore it should not apply retroactively. See State Farm Mut. Auto Ins. Co. v. Laforet, 658 So. 2d 55, 61 (Fla. 1995) ("The general rule is that a substantive statute will not operate retrospectively absent clear legislative intent to the contrary, but that a procedural or remedial statute is to operate retrospectively."). We do not agree.

AHCA had no right to reimbursement until a settlement was reached. Section 409.910 states:

> If benefits of a liable third party <u>are discovered or become available</u> after medical assistance has been provided by Medicaid, it is the intent of the legislature that Medicaid be repaid in full and prior to any other person, program, or entity. Medicaid is to be repaid in full from, <u>and to the extent of, any third-party benefits</u>.

§ 409.910(1) (emphasis added). Thus, it is the recovery of third-party benefits that causes AHCA's right to recovery to vest. Because the settlement with Dr. Guzman was not reached until 2014, AHCA had no right to recovery until that time. Accordingly, the 2013 version of the statute controls. See <u>Fla. Ins. Guar. Ass'n v. Bernard</u>, 140 So. 3d 1023, 1029 (Fla. 1st DCA 2014) (explaining that "the determinative point in time separating prospective from retroactive application of an enactment is the date the 'cause of action' accrues," which is the date that a party has the right to sue (quoting <u>Prejean v. Dixie Lloyds Ins. Co.</u>, 660 So. 2d 836, 837 (La. 1995))).

Moreover, after the Supreme Court issued its opinion in <u>Wos v. E.M.A. ex rel. Johnson</u>, 133 S. Ct. 1391 (2013), Florida courts held that the preamendment version of section 409.910(11)(f) was preempted by the Medicaid Act to the extent it required payment beyond that shown to be for medical expenses. See, e.g., <u>Agency for Health Care Admin. v. Riley</u>, 119 So. 3d 514, 515 (Fla. 2d DCA 2013); <u>see also</u> <u>Garcon v. Fla. Agency for Health Care Admin.</u>, 150 So. 3d 1101, 1102 (Fla. 2014); <u>Harrell v. State</u>, 143 So. 3d 478, 480 (Fla. 1st DCA 2014); <u>Davis v. Roberts</u>, 130 So. 3d 264, 269 (Fla. 5th DCA 2013); <u>Agency for Health Care Admin. v. Williams</u>, 127 So. 3d 854, 855 (Fla. 4th DCA 2013). Suarez should be given an opportunity to challenge the amount of the settlement allocated for recovered medical expense damages in the newly-adopted agency proceedings under section 490.910(17)(b).

"[T]o render the mandamus a proper remedy, the officer to whom it is to be directed, must be one to whom, on legal principles, such writ may be directed; and the person applying for it must be without any other specific and legal remedy." Marbury v. Madison, 5 U.S. 137, 169 (1803); see also Ledger v. City of St. Petersburg, 135 So. 3d 496, 497 (Fla. 2d DCA 2014) ("A writ of mandamus is used to enforce an established legal right by compelling a public officer or agency to perform a duty required by law." (quoting Lee Cnty. v. State Farm Mut. Auto. Ins. Co., 634 So. 2d 250, 251 (Fla. 2d DCA 1994))).  Here, Suarez does not have a clear legal right to have her dispute resolved in the circuit court on these facts.  Nor is the circuit court required by law to maintain jurisdiction over these proceedings.  Should Suarez wish to pursue her challenges to the 2013 version of section 409.910, she may do so within the agency proceedings.

Accordingly, we deny the petition.

WALLACE, SLEET, and LUCAS, JJ., Concur.